IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, SONY/ATV TUNES LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV HARMONY", SONY/ATV SONGS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV MELODY," SONY/ATV SOUNDS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV RHYTHM," SONY/ATV DISCOS MUSIC PUBLISHING LLC, a Delaware Limited Liability Company and SONY/ATV LATIN MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, EMI BLACKWOOD MUSIC INC., a Connecticut Corporation; EMI APRIL MUSIC INC., a Connecticut Corporation; COLGEMS-EMI MUSIC INC., a Delaware Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO. INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation, ,<br><br>Plaintiffs,<br><br>vs.-<br><br>1729172 ONTARIO, INC., a Canadian corporation, d/b/a "TRICERASOFT.COM," d/b/a "SELECTKARAOKE.COM," d/b/a "KARAOKEDOWNLOADS.CA" and GAI MARCOS, individually,<br><br>Defendants | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br>**JURY DEMAND**<br><br>**-AMENDED-**<br>**VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES** |

NOW COME the Plaintiffs, SONY/ATV MUSIC PUBLISHING LLC, a Delaware

Limited Liability Company, SONY/ATV TUNES LLC, a Delaware Limited Liability Company

d/b/a "SONY/ATV HARMONY", SONY/ATV SONGS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV MELODY," SONY/ATV SOUNDS LLC, a Delaware Limited Liability Company d/b/a "SONY/ATV RHYTHM," SONY/ATV DISCOS MUSIC PUBLISHING LLC, a Delaware Limited Liability Company and SONY/ATV LATIN MUSIC PUBLISHING LLC, a Delaware Limited Liability Company, EMI BLACKWOOD MUSIC INC., a Connecticut Corporation; EMI APRIL MUSIC INC., a Connecticut Corporation; COLGEMS- EMI MUSIC INC., a Delaware Corporation; EMI GOLD HORIZON MUSIC CORP., a New York Corporation; EMI U CATALOG INC., a New York Corporation; EMI UNART CATALOG INC., a New York Corporation; JOBETE MUSIC CO. INC., a Michigan Corporation; and STONE DIAMOND MUSIC CORPORATION, a Michigan Corporation, (hereinafter, "Plaintiffs"), by and through their attorneys, Paul Harrison Stacey, Law Offices of Paul Harrison Stacey, P.C., and Timothy L. Warnock, Riley, Warnock & Jacobson, PLC, and for their **–AMENDED-VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES** for copyright infringement against Defendants, 1729172 ONTARIO, INC., a Canadian corporation, d/b/a "TRICERASOFT.COM," d/b/a "SELECTKARAOKE.COM," d/b/a "KARAOKEDOWNLOADS.CA" and GAI MARCOS, individually, (collectively, the "Defendants") state as follows:

Jurisdiction and Venue

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

2

The Parties

3. Plaintiff SONY/ATV MUSIC PUBLISHING LLC is a Delaware limited liability company, with its primary office for licensing and administration of its music copyrights located at 424 Church Street, Nashville, Tennessee 37219.

4. Plaintiff SONY/ATV TUNES LLC is a Delaware limited liability company doing business as "SONY/ATV HARMONY," with its primary office for licensing and administration of its music copyrights located at 424 Church Street, Nashville, Tennessee 37219.

5. Plaintiff SONY/ATV SONGS LLC is a Delaware limited liability company doing business as "SONY/ATV MELODY," with its primary office for licensing and administration of its music copyrights located at 424 Church Street, Nashville, Tennessee 37219.

6. Plaintiff SONY/ATV SOUNDS LLC is a Delaware limited liability company doing business as "SONY/ATV RHYTHM," with its primary office for licensing and administration of its music copyrights located at 424 Church Street, Nashville, Tennessee 37219.

7. Plaintiff SONY/ATV DISCOS MUSIC PUBLISHING LLC is a Delaware limited liability company with its primary office for licensing and administration of its music copyrights located at 424 Church Street, Nashville, Tennessee 37219.

8. Plaintiff SONY/ATV LATIN MUSIC PUBLISHING LLC is a Delaware limited liability company with its primary office for licensing and administration of its music copyrights located at 424 Church Street, Nashville, Tennessee 37219. The Plaintiffs identified as parties in ¶¶ 3 – 8 herein are Sony/ATV Music Publishing-affiliated publishers who shall hereinafter be collectively referred to as the "SATV Plaintiffs."

9. Plaintiff EMI BLACKWOOD MUSIC INC. is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business at 550 Madison Avenue, New York, New York 10022.

10. Plaintiff EMI APRIL MUSIC INC. is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business at 550 Madison Avenue, New York, New York 10022.

11. Plaintiff COLGEMS-EMI MUSIC INC. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 550 Madison Avenue, New York, New York 10022.

12. Plaintiff EMI GOLD HORIZON MUSIC CORP. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 550 Madison Avenue, New York, New York 10022.

13. Plaintiff EMI U CATALOG INC. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 550 Madison Ave., New York, New York 10022.

14. Plaintiff EMI UNART CATALOG INC. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 550 Madison Avenue, New York, New York 10022.

15. Plaintiff JOBETE MUSIC CO. INC. is a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of at 550 Madison Avenue, New York, New York 10022.

16. Plaintiff STONE DIAMOND MUSIC CORPORATION is a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of

4

business at 550 Madison Avenue, New York, New York 10022. The Plaintiffs identified as parties in ¶¶ 9 – 16 herein are EMI Music Publishing affiliated publishers who shall hereinafter be collectively referred to as the "EMI Plaintiffs."

17. Defendant 1729172 ONTARIO, INC., d/b/a "TRICERASOFT.COM," d/b/a "SELECTKARAOKE.COM" and d/b/a "KARAOKEDOWNLOADS.CA (hereinafter "TRICERASOFT") is, upon information and belief, a Canadian corporation with its offices located at 194 Sugarhill Dr., Brampton, L7A 3X4 Ontario, CANADA. TRICERASOFT is currently and has been doing business, including the sale of the infringing karaoke recordings that are the subject of this suit, throughout the United States, including the Middle District of Tennessee via, among other methods, the websites commonly known as www.tricerasoft.com and www.selectkaraoke.com.

18. Defendant GAI MARCOS, individually (hereinafter "MARCOS"), is a citizen and resident of Canada. Upon information and belief, Defendant MARCOS resides at 6 Ruth Avenue, Brampton, L6Z 3X4 Ontario, CANADA and is the sole officer, director and owner of Co-Defendant TRICERASOFT. MARCOS personally participated in the distribution of unauthorized recordings of the Plaintiffs' music copyrights in conjunction with the Co-Defendant through TRICERASOFT'S various interactive internet websites know as www.tricerasoft.com and www.selectkaraoke.com, which do business throughout the world, including Nashville, Tennessee. Upon information and belief, MARCOS is currently and has been during and throughout the three years immediately preceding the filing of this lawsuit, the ultimate decision maker regarding the business operations of the TRICERASOFT Defendants including, but not limited to, the decisions with respect to the advertising, distribution, offering for sale and sale of the unauthorized recordings of Plaintiffs' music copyrights identified in

5

Exhibits "1" - "16" attached hereto. As the sole officer, director and shareholder of TRICERASOFT, MARCOS has received financial benefits and profited from the illegal sales of the unlicensed recordings at issue in this lawsuit.

## FACTUAL BACKGROUND

19. Karaoke, which means "empty orchestra" in Japanese, is a multi-billion dollar industry. Most of the revenue derived in the United States is from sales of recordings of already popularized music through various online distributors.

20. Karaoke "MP3+G," "CD+G," and "SCD+G" recordings are actually re-recordings of hit songs, either with the lead vocal tracks omitted (instrumental) so that the consumer can "sing along" as if he/she were the lead singer or, in the alternative, with a vocal track sung by sound-alike artists (learning track), which in some formats can be muted upon playback so that the karaoke recording may be listened to either with or without a lead vocal accompaniment. Predominately, these products are recorded and encoded to provide a contemporaneous video display of the lyrics to the song for the consumer to read and sing along. Video karaoke recordings are also common in the karaoke industry and may include video content in "MP4" and/or "HD" format.

21. A fundamental legal requirement for recording copyrighted material for purposes of producing a karaoke record is a license for exploitation of the musical composition, which must be obtained from the songwriter or his agent, generally called a "music publisher," "publisher" or "administrator." As music publishers that own or control, in whole or in part, the copyrights in thousands of popular music compositions, Plaintiffs are in the business of developing and exploiting original music in conjunction with songwriters, as well as building

6

their catalogues of music copyrights through acquisition of other catalogues. By "control," Plaintiffs mean that they are an exclusive licensee and/or possess, by assignment of the copyrights as administrators, the exclusive rights identified in Section 106 of the Copyright Act, as well as possess the right to institute suit for infringement of those rights. As the owners/administrators of their respective catalogs of music copyrights, Plaintiffs license the rights to make arrangements, recordings, and reproductions of their compositions; the rights to distribute copies of products incorporating their works; the rights to use their works in advertising; the rights to make derivative works based on the compositions; and other exclusive rights in such copyrighted musical works, in exchange for the payment of royalties or other fees customarily associated with the issuance of such licenses. Plaintiffs have not licensed the Defendants to engage in any of the activities complained of herein.

22. Because karaoke includes the addition of graphics or video to the musical composition, karaoke recordings are "audio visual works" of the musical compositions, as the Copyright Act defines that term. Accordingly, the Copyright Act's compulsory licensing provisions do not apply to the karaoke recordings.

23. Rather, karaoke recordings require "synchronization" licenses for the graphic display of lyrics that appear on a monitor in a synchronized presentation with the recorded music. The synchronization license typically grants rights for a mechanical reproduction of the musical composition, the use of the copyrighted lyrics in synchronized graphic display, and the right to use the copyright in an advertisement and/or promotional use of the composition. The license may include a "print" permission for reproduction of the song's lyrics on lyric booklets or inserts in the karaoke package. Karaoke or synchronization licenses typically specify the distribution rights of the licensee and/or any other permitted distributors/retailers approved by

the publisher. Pursuant to the synchronization licenses, karaoke companies are required to pay fixing fees and advances against future royalties and to account and pay royalties based upon the total number of units manufactured, usually on a quarterly basis.

24. The Defendants have advertised, distributed, sold, and/or manufactured thousands of unlicensed illegal karaoke recordings containing Plaintiffs' copyrights that are the subject of this lawsuit and have sold, shipped and transmitted such unlicensed recordings to persons within the Middle District of Tennessee. The unlicensed recordings that Defendants have advertised, distributed, and sold have predominately been in the form of "MP3+G Downloads" and/or "Custom Discs." The www.tricerasoft.com website currently advertises that "Over 90,000 MP3+G songs" are available for download or sale.

25. Defendants have infringed Plaintiffs' copyrighted works by using interactive Internet websites to advertise, distribute, and sell karaoke discs, downloads, machines, hardware, and software for use in playing, performing, and even creating karaoke recordings. These websites display infringing advertisements, images, and graphics that are intended to promote, induce, and facilitate the purchase of unlicensed karaoke recordings. These retailers frequently use interactive social networking sites, such as Facebook, Twitter, and YouTube; advertise via internet search engines, such as Google; and post "online catalogs," all to promote and advertise unlicensed recordings.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

26. The SATV and EMI Plaintiffs have captured the content of the website known as www.tricerasoft.com," including the song titles, artists names and disc brand information of what Defendants touted at the time of the capture as more than "81,000 MP3+G songs." The SATV and EMI Plaintiffs have also captured 10,094 MP3 files which are 20-30 second sample

8

recordings of songs offered for sale and download on the www.tricerasoft.com website. The current www.tricerasoft.com website states that there are now "Over 90,000 MP3+G songs" available for download.

27. Based upon a cross-referencing of a portion of the computerized business records of copyrighted compositions owned/controlled by SATV and the complete EMI computerized records of copyrighted compositions owned/controlled by EMI, the SATV and EMI Plaintiffs have identified thousands song titles of unlicensed recordings of SATV and/or EMI copyrighted musical compositions, to wit: The SATV Plaintiffs have listed on the schedules attached hereto as Exhibits "1" through "8" those song titles, with writer information and copyright registration numbers, which song titles appear on the www.tricerasoft.com website as advertised/offered for sale and which match SATV's ownership records. The EMI Plaintiffs have listed on the schedules attached hereto as Exhibits "10" through "16" those song titles, writer information and copyright registration numbers, which song titles appear on the www.tricerasoft.com website as advertised/offered for sale and which match EMI's ownership records. For the purposes of Plaintiffs' claims, the list of musical compositions identified on the attached Exhibits "1" through "16" shall be referred to as the "Subject Works."

28. All of the Subject Works are original musical compositions and contain material wholly original, are copyrightable subject matter under the laws of the United States, and have in fact been registered with the United States Copyright Office. The Registration numbers issued by the United States Copyright Office are listed, in addition to writer and artist information, on each of the Exhibits "1" through "16." The Plaintiffs either own the copyrights on their respective Exhibits in whole or in part or, in the alternative, are exclusive licensees or exclusive

administrators, in whole or in part (by assignment or other transfer), of one or more of the exclusive rights conferred by § 106 of the Copyright Act in and to each of the Subject Works.

29. Plaintiffs are informed and believe, and on that basis allege, Defendants have been infringing Plaintiffs' Subject Works by (at least) reproducing, distributing, advertising, promoting, and/or offering for sale, illegal and unauthorized copies of the Subject Works in the form of "karaoke" recordings. Defendants' advertising, whether by audio or video "previews," print advertisement, facsimile, Internet ads, direct mail, or other electronic means, infringes Plaintiffs' exclusive rights under § 106 of the Copyright Act, all to Plaintiffs' injury.

30. Defendants' infringing recordings largely have been in either the "MP3+G" or "MP4" format and are available as Internet downloads, via Internet streaming, and on custom DVDs and CD+G discs. Regarding custom DVDs and CD+Gs, customers use Defendants' website to specify which songs they want on a disc or DVD, and Defendants then create the DVDs and CD+Gs, based on the website order, and ship the infringing copies to the customers. Defendants have shipped such discs into this judicial district. Regarding downloads and streaming, Defendants copy the unauthorized recordings onto the Defendants' servers. Customers place orders for specific songs via Defendants' internet website, and Defendants either send a download to the customers' computers or other devices or else stream performances of the recordings from Defendants' computers/servers to the customers' computers or other devices.

31. Upon information and belief, based upon information contained on the Defendants' websites, the initial copies of the recordings copied to the Defendants' servers and advertised, distributed, and/or sold have actually been made by third parties (themselves

unlicensed); thus, the gravamen of Defendants' conduct lies in their own unlawful duplication, copying, and distribution of such unauthorized recordings.

32. The conduct of the Defendants constitutes direct, contributory, vicarious, and willful infringement of Plaintiffs' music copyrights, depending upon the specific conduct of the specific defendants. The natural, probable, and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of the benefits of their exclusive rights to reproduce, distribute and sell recordings of the Subject Works or to authorize others to do so under proper licensing, to deprive Plaintiffs of the usual and customary royalties to which they would be entitled if the Subject Works were properly licensed, and to deprive Plaintiffs of goodwill and the ability to protect how the compositions are used.

### FIRST CLAIM FOR RELIEF
### Copyright Infringement Against the Defendants

33. Plaintiffs re-allege each and every allegation set forth in paragraphs 1 through 32, inclusive, as though fully set forth herein, and incorporate them herein by this reference.

34. Pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Defendants have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to those Subject Works identified on Exhibits "1" through "16" attached hereto, relating to the distribution, advertising, recording, and placing upon the market products that contain unauthorized recordings of the songs and graphic displays of the lyrics of the copyrighted Subject Works. Exhibits "1" through "16" specifically identify the particular copyrights owned or administered by Plaintiffs and the unlicensed brands of karaoke recordings that Defendants have unlawfully advertised, copied, distributed, and sold.

35. Alternatively, the Defendants have materially contributed to and induced the unlawful use of Plaintiffs' copyrights by commercial downstream karaoke jockeys, resellers or

11

other customers of the unlicensed products, or have failed to exercise their respective rights and abilities to control the conduct of those responsible for the infringement, thereby deriving a financial benefit from the infringement. The Defendants have infringed Plaintiffs' exclusive rights to the Subject Works and the Defendants' conduct was willful and undertaken with actual or constructive notice that it was in violation of Plaintiffs' rights and done nevertheless in reckless disregard of Plaintiffs' copyright interests.

36. Plaintiffs are entitled to an injunction restraining the Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws. Plaintiffs are further entitled to recover from the Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by the Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs. As an alternative to actual damages, Plaintiffs are entitled at their election to an award of statutory damages, plus attorney's fees and costs, based upon the Defendants' acts of infringement alleged above.

WHEREFORE, the Plaintiffs respectfully pray for entry of judgment providing:

    a. That the Court finds that Defendants have infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits "1" through "16."

    b. That the Court finds a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works, unless enjoined from doing so.

    c. That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, are enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop, or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity.

d. That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, are compelled to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control, and to surrender all computers, discs, and servers containing copies of the Subject works.

e. That Defendants, their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, are compelled to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works.

f. That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works.

g. That Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the Court's order.

h. That judgment be entered for Plaintiffs and against the Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

i. Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and each individually liable Defendant for separate statutory damages based upon Defendants' acts of infringement and willful infringement, pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq.

j. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

k. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

l. That Plaintiffs have judgment against the Defendants for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

WHEREFORE, Plaintiffs respectfully pray for entry of judgment and injunctive relief in their favor as described herein.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Dated: Nashville, Tennessee
November 3, 2014

Respectfully Submitted,

*/s/ Timothy L. Warnock*

Timothy L. Warnock (BPR #12844)
Timothy Harvey (BPR# 21509)
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Ph.: 615-320-3700

and

Paul Harrison Stacey
Law Offices of Paul Harrison Stacey, P.C.
Wyoming Bar No. 5-2615
7225 N. Spring Gulch Road
P.O. Box 4157
Jackson, WY 83001
Ph: 307-733-7333
Fax: 307-733-7360

***Attorney for Plaintiffs,
SONY/ATV MUSIC PUBLISHING LLC, et al.***

## VERIFICATION

I, Jonas Kant, verify under penalty of perjury that the foregoing is true and correct.

Executed on November 3, 2014.

_____
Jonas Kant
Senior Vice President of Legal and Business Affairs

15