IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, et al., | ) |
| | ) Civil Action No. 3:14-cv-1929 |
| Plaintiffs, | ) |
| | ) Judge Kevin H. Sharp |
| v. | ) |
| | ) JURY DEMAND |
| 1729172 ONTARIO, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SUPPLEMENTAL DECLARATION OF GAI MARCOS IN SUPPORT OF DEFENDANTS' SURREPLY TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Gai Marcos, having personal knowledge of the facts contained in this Declaration, state as follows:

1. I am over 18 years of age and competent to testify as to the matters stated in this Declaration. I am the president of Defendant 1729172 Ontario Inc. and I also am named as an individual defendant in the above-entitled action. If called upon, I could and would testify in accordance with the statements below.

2. At no time between March 2012 to present did any representative from Sony or EMI tell TriceraSoft or me that neither EMI nor Sony had any intention of completing the agreed upon licenses which TriceraSoft entered into with them on December 1, 2012 and December 18, 2012, respectively. Since 2007, TriceraSoft was licensed worldwide for its karaoke uses through Plaintiffs' various licensing agents; however, I understood it would be less expensive if TriceraSoft licensed directly from Plaintiffs. Beginning in 2012, I believed TriceraSoft was

1

licensed by both EMI and Sony, and I had no information at all that Sony/EMI had been planning as early as March 2014 to sue TriceraSoft as shown in the emails attached to Ms. Schleicher's declarations. (Doc. 65, Supp. Schleicher Decl.; Doc. 66, Supp. Arnold Decl.; Doc. 19-18, Ex. R at 17, Check Request: TriceraSoft paid Sony/ATV on WIRE 0314-42 for 2,636.73. As we are not accepting payment **due to pending litigation**, we are returning this to source."); Doc. 19-18, Ex. R at 18, Email chain March 12, 2014 to April 3, 2014: "Looks like we have a wire from TriceraSoft that ended up in unidentified. Should this be returned to source **since it was on the list of companies** we aren't supposed to accept payment from?")(emphasis added)

3. For the first time today, I learned that Plaintiffs' counsel knew as early as July 2014 that TriceraSoft had at least implied licenses with Sony and EMI, and that their attorney, Mr. Stacey, directed that payments TriceraSoft had made under those licenses be returned to defeat TriceraSoft's license defense that he believed would be asserted when Plaintiffs sued. (Doc. 19-18, Ex. R at 9-10: Email to Schleicher, et al Sony/ATV:

> CONFIRMING---re:....1.) there must have been phone calls (as opposed to emails/letters) that discussed the need for additional documents (the Applications are clearly incomplete)??...just making absolutely certain; and 2.) the wires to SATV are the only payments (please be certain the monies have all been returned and copy ALL the docs/emails related thereto to me ASAP; 3.) no wires were made to EMI....for certainty? (**this would be very important and all but vaporize the "implied license" argument notwithstanding the docs signed by Gai Marcos**) Otherwise, we need to return those as well. ---thanks, good work, and nice turn-around!-----Paul"

(first emphasis in original; bold emphasis added)) Based on Ms. Schleicher declaration and emails, Plaintiffs knew as early as 2013 that they never planned to complete the licenses that I was led to believe TriceraSoft had since December 2012.

4. Attached to my prior declaration as **Exhibit P** (Doc. 39) is a true and accurate copy of the Excel spreadsheet accountings for Sony/EMI for the relevant time periods.

2

TriceraSoft wire transferred payment of the $5,000 advance according to the EMI license agreement, sending payment as specified to JP Morgan Bank in New York, which payment was accepted. (Doc. 39-5, Marcos Decl. Ex. J at 5) Based on the accountings for Sony and EMI, TriceraSoft recouped the $5,000 advance sent. When royalties were earned, TriceraSoft made its royalty payment on March 6, 2014, combining the EMI and Sony royalties into a single wire transfer payment, which payment Sony accepted. The March 6, 2014 payment represented combined royalties for Sony and EMI and inadvertently included an overpayment. I accidentally authorized payment of October and November 2013 royalties, and then included October, November and December 2013 royalties again in the same payment, in effect almost doubling the royalties paid. I prepared the accountings to calculate the royalties and to pay them pursuant to the license agreements with Sony/EMI. I did not send the accountings as I had not been advised where to send them. Further, I understood that Sony advised Ms. Lupowitz to hold the accountings until Sony provided the fully executed license agreements. I also understood that I was to send a single payment for both Sony and EMI royalties to Sony/ATV.

5. On July 4, 2014, TriceraSoft sent its next quarterly payment to Sony/ATV at the same wire transfer address that it had been sent to on March 6, 2014. Approximately ten to fourteen days later, TriceraSoft received a notice in the mail from its bank that the wire transfer was rejected, but I could not determine the reason. I no longer have the notice but I believe it said something briefly like "rejected beneficiary." I did not know what it meant as I thought there had been a mistake in the entry of the account information in the wire transfer which is handled by TriceraSoft's secretary. I contacted Ms. Lupowitz to confirm payment instructions and she told me she had received updated banking information from Sony/EMI on another client matter and would forward the information to me. She cut and pasted that information from Bill

3

Goff at Sony/ATV into an email to me and sent it on July 25, 2014 with instructions to pay as I had before (wire transfer). TriceraSoft then wire transferred the payment on July 28, 2014 according to those instructions. The payment was accepted by Plaintiffs.

6. On October 15, 2014, TriceraSoft wired its next quarterly payment to Sony/ATV at the same wire transfer address that it sent its July 28, 2014 payment. On October 20, 2014, TriceraSoft's bank called me to advise that its payment had been rejected, but the reason for the rejection on the notice was unusual and the bank could not explain it to me. (Doc. 16-2, Att. A) TriceraSoft did not receive written notice from its bank until October 27, 2014. On October 21, 2014, TriceraSoft received a letter from Ms. Schleicher at Sony/ATV with two checks, one dated October 15, 2014 returning the $5,000 advance TriceraSoft paid to EMI nearly two years earlier and one check for $2,873.26 returning the second quarter 2014 payment TriceraSoft made on July 28, 2014. Also, enclosed was a Sony/ATV check dated July 25, 2014 in the sum of $2,636.73 referencing a document dated April 7, 2014 and returning the payment TriceraSoft made to Sony on March 6, 2014. (*See* Doc. 19-18, Ex. R)

7. TriceraSoft's license from EMI expires on November 30, 2014 and its license with Sony/ATV expires on December 17, 2014. Because TriceraSoft honors its agreements, we will comply with the terms of the licenses and will not use any licensed works after the expiration of the existing licenses.

Pursuant to 28 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct. Executed on November 25, 2014 at Brampton, Ontario, Canada.

                                              Gai Marcos, individually and on behalf of
                                              1729172 Ontario Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Supplemental Declaration of Gai Marcos in Support of Defendants' Surreply to Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction was served via the Court's electronic filing system upon the following:

Timothy L. Warnock, Esq.
Timothy Harvey, Esq.
Riley Warnock and Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
twarnock@rwjplc.com
tharvey@rwjplc.com
*Attorneys for Plaintiffs*

Paul Harrison Stacey, Esq.
Law Offices of Paul Harrison Stacey, P.C.
P.O. Box 4157
Jackson, WY 83001
pstacey151@msn.com
*Attorney Plaintiffs*

on this 25th day of November 2014.

/s/ Ramona P. DeSalvo
Ramona P. DeSalvo