UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 3:14-cv-1929 ) Judge Sharp ) |
| 1729172 ONTARIO INC. et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM

Before the Court is a "Motion to Dismiss for Failure to Join Required Parties" filed by Defendants 1729172 Ontario Inc. and Gai Marcos. (Docket No. 100). Plaintiffs, Sony/ATV Music Publishing LLC, *et al*., have filed a Response in Opposition. (Docket No. 104). For the reasons set forth below, Defendants' Motion to Dismiss will be denied.

### I.   Summary of the Facts

Plaintiffs are music publishers Sony/ATV Music Publishing LLC, Sony/ATV Tunes LLC (d/b/a "Sony/ATV Melody"), Sony/ATV Songs LLC (d/b/a "Sony/ATV Melody"), Sony/ATV Sounds LLC (d/b/a "Sony/ATV Rhythm"), Sony/ATV Discos Music Publishing, and Sony/ATV Latin Music Publishing LLC, as well as EMI Blackwood Music Inc., EMI April Music Inc., Colgems-EMI Music Inc., EMI Gold Horizon Music Corp., EMI U Catalog Inc., EMI Unart Catalog Inc., Jobete Music Co. Inc., and Stone Diamond Music Corporation. Plaintiffs "own or control, in whole or in part, the copyrights in thousands of popular music compositions" and specialize in "developing and exploiting original music in conjunction with songwriters" as well

as building their own catalogues of music copyrights. (Docket No. 17 at 6). As owners/administrators of their catalogues, Plaintiffs license the rights to their compositions for a variety of uses, including recordings, reproductions, derivative works, distribution, and advertising applications. In return, Plaintiffs receive royalties and other fees associated with the issuance of such licenses.

Defendants are 1729172 Ontario, Inc., a Canadian corporation (d/b/a "tricerasoft.com," d/b/a "selectkaraoke.com," d/b/a "karaokedownloads.ca") (hereinafter "TriceraSoft"), and Gai Marcos, a Canadian resident who is the corporation's sole officer, director, and owner. TriceraSoft is a software company that developed a new format for digital music files with graphics ("MP3+G") and the software to play such files. From servers located in Ontario, Canada, TriceraSoft maintains three websites that offer digital downloads of karaoke recordings. Customers can also order custom karaoke discs ("CD+G" format) on Defendants' websites, which TriceraSoft then transmits to third party manufacturers (the "Karaoke Labels")[1] that create the discs.

Plaintiffs bring an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. They claim that Defendants use copyrighted works owned and/or administered by Plaintiffs (the "Subject Works") without the synchronization licenses required for "audiovisual works" as defined by the Copyright Act.[2] Specifically, it is alleged that Defendants have "advertised, distributed, sold and/or manufactured thousands of unlicensed illegal karaoke recordings containing Plaintiffs' copyrights" and "have sold, shipped and

---

[1] The Karaoke Labels include Mr. Entertainer, Zoom, Tropical Zone, Sunfly, Sundown Karaoke, SBI, Music Maestro, and Factory Music. (Docket Nos. 17-1 to 17-16).

[2] Karaoke recordings are categorized as "audiovisual works" within the meaning of the Copyright Act due to the graphic display of lyrics. See 17. U.S.C. § 101; Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 527-28 (9th Cir. 2008).

transmitted such unlicensed recordings to persons within the Middle District of Tennessee." (Docket No. 17 at 8). Though the recordings may be produced by third parties, Plaintiffs nonetheless contend that Defendants' actions constitute "direct, contributory, vicarious, and willful infringement" of Plaintiffs' exclusive rights under § 106 of the Copyright Act. (Id. at 11). This includes storing copies of the Subject Works on TriceraSoft servers, selling downloads and digital copies, and facilitating orders for karaoke discs that are shipped to customers bearing the text "TriceraSoft MP3+G Downloads and Custom Discs." (Docket No. 22-5).

Defendants maintain that, aside from its digital download services, TriceraSoft merely transmits orders to the Karaoke Labels and does not "reproduce, import or distribute CD+G discs or any other physical products in or to the U.S." (Docket No. 101 at 3).[3] Furthermore, in light of Plaintiffs' claims that the Karaoke Labels' recordings are "unauthorized … , unlicensed … , and illegal," Defendants assert that the Karaoke Labels are necessary parties to the action that must be joined pursuant to Federal Rule of Civil Procedure 19(b). (Docket No. 101 at 4-5). According to Defendants, Plaintiffs' failure to join these "allegedly direct infringers" requires immediate redress and if it is not feasible to join them, "Plaintiffs' claims against TriceraSoft and Mr. Marcos must be dismissed." (Id. at 5-6).

## II. <u>Legal Analysis</u>

Federal Rule of Civil Procedure 19 "promote[s] the full adjudication of disputes with a minimum of litigation effort" by providing "guidance for the joinder of persons needed for just adjudication." <u>Glancy v. Taubman Ctrs., Inc.</u>, 373 F.3d 656, 664-65 (6th Cir. 2004) (citations omitted). "[T]he essence of Rule 19 is to balance the rights of all those whose interests are

---

[3] Defendants also claim that they hold the proper licenses for their business activities. While this is the central issue of the Parties' dispute, it has little bearing on the Motion to Dismiss and, as such, is mentioned only as needed.

3

involved in the action." Id. To this end, Rule 19(a) states in relevant part that a person is "required to be joined if feasible" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). If the threshold requirements of Rule 19(a) are met, the Court moves to Rule 19(b) to determine whether, "[i]f a person who is required to be joined if feasible cannot be joined … in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). Failure to join a required party under Rule 19 may result in dismissal of the complaint. FED. R. CIV. P. 12(b)(7).

In this case, the Court need not look further than Rule 19(a). See Temple v. Synthes Corp., Ltd., 498 U.S. 5, 8 (1990) (finding no inquiry under Rule 19(b) was necessary when the threshold requirements of 19(a) were not satisfied); PaineWebber Inc., v. Cohen, 276 F.3d 197, 200 (6th Cir. 2001) (articulating the Rule 19 inquiry as a three-step analysis); Kar Kraft Engineering v. Shelby, 2007 WL 1544397, at *2 (E.D. Mich. May 25, 2007) ("[A] joinder analysis does not reach the factors under Rule 19(b) if the court first determines that the party seeking to be joined is not a necessary party").

It is well settled that "copyright infringement is a tort, for which all who participate in the infringement are jointly and severally liable." Jobete Music Co., Inc. v. Johnson Commc'ns, Inc., 285 F.Supp.2d 1077, 1084 (S.D. Oh. 2003) (quoting Realsongs v. Gulf Broad. Corp., 824

F.Supp. 89, 91 (M.D. La. 1993)); see also Sony/ATV Music Pub. LLC v. CAVS USA, Inc., 2009 WL 21771100, at *11 (M.D. Tenn. July 21, 2009) (collecting cases). This conclusion is supported by the advisory committee notes to Rule 19, which explain that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." FED. R. CIV. P. 19 advisory committee's note. Thus, in a copyright action, "each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties." Design Basics, LLC v. Chelsea Lumber Co., 2013 WL 3471142, at *3 (E.D. Mich. July 10, 2013) (quoting BLACK'S LAW DICTIONARY 997 (9th ed. 2009)).

The Court finds Kar Kraft Engineering, a factually similar trademark infringement case, instructive in its examination. 2007 WL 1544397. There, defendant Carroll Shelby Licensing, Inc. entered into a license agreement with Ford Motor Company, which granted Ford a license to display the Shelby trademarks on GT-500 parts and vehicles.[4] When plaintiff Kar Kraft bought Shelby trademarked parts for unlicensed re-sale, Shelby responded with a cease and desist letter, prompting Kar Kraft's declaratory action and Shelby's counter-claim for trademark infringement.

Kar Kraft then sought joinder of Ford as a counter-claim defendant and put forth an argument very similar to that articulated by Defendant in the present case. Kar Kraft claimed that Ford was a contributory infringer, "because all the accused Shelby parts that Kar Kraft offered for sale were acquired from Ford" such that Kar Kraft could not "get complete relief as a counter-defendant without Ford being present as a co-defendant." Kar Kraft Engineering, 2007 WL 1544397, at *2. The court denied Kar Kraft's motion. It relied on the "great weight of

---

[4] The high-performance Shelby Mustang, later manufactured by Ford, whose appearance has prompted many a wishful car enthusiast to remark, "My ride's here."

5

authority" supporting the notion that "joint tortfeasors are jointly and severally liable," therefore "the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit, commentary underscores, are not indispensable parties." Id. at *3-4 (quoting Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 207-08 (D.D.C. 1981); Jonesfilm v. Lions Gate Int'l, 299 F.3d 134, 140 (2nd Cir. 2002)).

Similarly, in this case, even if the Karaoke Labels "contributed in some way" to Defendants' infringement of the Subject Works, "the plaintiff need only sue one such joint-feasor to obtain the full amount of damages that it is seeking." Kar Kraft Engineering, 2007 WL 1544397, at *4 (quoting Jonesfilm, 299 F.3d 134, 140 n.1 (2d Cir. 2002)). Contrary to Defendants' assertions, the Karaoke Labels' alleged status as a "joint tortfeasor does not make [them] a necessary party, much less an indispensable party." PaineWebber Inc., 276 F.3d at 204 (citing Temple v. Synthes Corp., 498 U.S. 5, 7-8 (1990)).

Defendants offer an additional justification for their Motion to Dismiss. They reason that if the Karaoke Labels are not joined, an adverse decision against Defendants will cause TriceraSoft to breach its distribution contracts with the Karaoke Labels. The Court disagrees. First, the status of TriceraSoft's contractual relationship with the Karaoke Labels remains in question at this early juncture in the dispute. Second, Defendants' argument ignores the "established doctrine that persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." GTE Sylvania, Inc. v. Consumers Union of U.S., Inc., 445 U.S. 375, 386 (1980) (citation omitted). Thus, the hypothetical turbulence caused by potentially conflicting obligations is insufficient justification, in this case, to warrant joinder of a

non-required party. Third, if Defendants were subject to an injunction limiting the operation of their business, they could easily offer compliance with a court order as an excuse for any resulting breach of contract.

Finally, the Court notes that Defendants are free to join the Karaoke Labels themselves if they so choose as provided by Federal Rule of Civil Procedure 20(a)(2). It is telling that in a separate, declaratory action brought by TriceraSoft against music publisher Universal Music Corp. and related entities, the Karaoke Labels are conspicuously absent. (<u>1729172 Ontario, Inc. v. Universal Music Corp. et al.</u>, Case 3:15-cv-00403). In the second action, TriceraSoft seeks a declaration that it has not infringed on Universal's copyrighted compositions in the face of nearly identical claims. As in the current case, TriceraSoft identified the Karaoke Labels as manufacturers of the karaoke recordings. However, it did not add them as parties to that action.

The exclusion of the Karaoke Labels weakens Defendants' current contention that their alleged infringement is so integrally tied to the Karaoke Labels as to warrant dismissal. Rather, this omission in such a similar case indicates that, far from comprising some inextricable duo akin to Frank and Jessie James, Defendants' alleged infringement can be separated from any misconduct committed by the Karaoke Labels. This observation provides further justification for the Court's denial of Defendants' Motion to Dismiss.

### III. Conclusion

In light of the forgoing, Defendants' "Motion to Dismiss for Failure to Join Required Parties" (Docket No. 100) will be denied. An appropriate Order will enter.

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE