IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SONY/ATV MUSIC PUBLISHING LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:14-cv-01929 |
| V. | ) ) ) | Judge Sharp Magistrate Judge Holmes |
| 1729172 ONTARIO, INC., *et al.*, | ) ) ) | JURY DEMAND |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER FOR CONTEMPT AND SANCTIONS AGAINST DEFENDANTS 1729172 ONTARIO, INC. AND GAI MARCOS

Plaintiffs filed a Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt and for Modification of the Order Granting Preliminary Injunction. (Docket No. 309). The Court will rule on Plaintiffs' Motion in a two-step process. This Memorandum and Order concerns finding 1729172 Ontario, Inc. and Gai Marcos (collectively, the "TriceraSoft Defendants") in civil contempt for having violated the Preliminary Injunction ("Injunction"). A ruling on Plaintiffs' request to modify the Injunction is forthcoming.

Having conducted a show-cause hearing on December 8, 2016, the Court finds and orders as follows:

I.  **Procedural History**

On October 1, 2014, Plaintiffs filed this action against the TriceraSoft Defendants alleging copyright infringement and requesting injunctive relief. (Docket No. 1). Plaintiffs also filed their Application for Temporary Restraining Order and Preliminary Injunction. (Docket No. 2). On September 25, 2015, this Court entered an Order Granting Preliminary Injunction

1

against the TriceraSoft Defendants, enjoining them from exploiting Plaintiffs' copyrighted compositions and requiring numerous affirmative acts on the part of the TriceraSoft Defendants to demonstrate compliance. (Docket No. 254).[1] The Tricerasoft Defendants appealed the Injunction, and the Injunction was affirmed in its entirety by the United States Court of Appeals for the Sixth Circuit. (Docket No. 430).

On December 9, 2015, Plaintiffs filed a Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt and for Modification of the Order Granting Preliminary Injunction. (Docket No. 309). The TriceraSoft Defendants opposed that motion. The Court conducted a hearing on September 13, 2016, at which time the Court concluded that sufficient evidence existed in the record to require the TriceraSoft Defendants to appear and show cause why they should not be found in contempt of the Injunction. (Docket No. 506 at 21; Tr. 21:2-4).

The TriceraSoft Defendants objected to moving forward with the hearing for a variety of reasons, one of which was their objection to the Court's proceeding with a show-cause hearing without first conducting a separate hearing on the Motion for Order to Show Cause. (Docket No. 544 at 5). Although the Court believed that it had sufficiently heard and ruled on the motion to show cause, in order to resolve that objection, during a phone conference on November 16, 2016 with the Court and all counsel (including the Tricerasoft Defendants' counsel), the Court scheduled another hearing on Plaintiffs' Motion for Order to Show Cause for December 5, 2016. (Docket No. 551). The Court then conducted the additional hearing as scheduled.

Although the Court granted Defendant Marcos's request to appear at the December 5, 2016 hearing by telephone and supplied a telephone number for him to call, (Docket No. 587),

---

[1] On November 18, 2015, this Court entered a Revised Order Granting Preliminary Injunction *Nunc Pro Tunc* to September 25, 2015 to include Exhibits 1-16 Song Lists. (Docket No. 303).

Defendant Marcos failed to call the number supplied by the Court. Defendant 1729172 Ontario, Inc., also failed to appear. The Court waited an additional half hour past the appointed time in case Defendants were simply running late.

The Court found that Plaintiffs had established that the TriceraSoft Defendants would be in violation of the Injunction if the credible declarations submitted in support of Plaintiffs' Motion for Order to Show Cause were accurate. The Court then ordered the TriceraSoft Defendants to appear on December 8, 2016 to show cause why they should not be held in contempt for violating the Injunction. (Docket No. 590).

## II. Finding Defendants in Contempt and Imposing Sanctions

### A. Legal Standard

"[A]ll orders and judgments of courts must be complied with promptly[,]" and failure to do so can result in a finding of contempt. Maness v. Meyers, 419 U.S. 449, 458 (1975). "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Shillitani v. United States, 384 U.S. 364, 370 (1966) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 330-32 (1947)). "Although civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance." TWM Mfg. Co. v. Dura Corp., 722 F.2d 1261, 1273 (6th Cir. 1983) (citing McCrone v. United States, 307 U.S. 61, 64 (1939)). "The contemnor is not simply being punished for past behavior, but rather encouraged to shape its behavior to comply with the order based on the undesirability of suffering the sanction." MGE UPS Sys., Inc. v. Titan Specialized Servs., Inc., No. 3:04-0231, 2006 WL 3524502, at *12 (M.D. Tenn. Dec. 6, 2006) (citation omitted).

"[W]here the purpose is to make the defendant comply, the court[] . . . consider[s] the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." United Mine Workers of Am., 330 U.S. at 304. "[A] court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." Id.

The movant in a contempt proceeding must prove violations of the court's order by clear and convincing evidence. See Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Service Co., 340 F.3d 373, 379 (6th Cir.2003). "Once the movant establishes his *prima facie* case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." Electrical Workers Pension, 340 F.3d at 379 (emphasis in the original) (citation omitted). In this regard, the Court must consider what, if any, reasonable steps were taken to comply with the court's order. See id.

For a finding of contempt, "the facts found must constitute a plain violation of the decree so read." Cohn v. Kramer, 136 F.2d 293, 295-96 (6th Cir.1943) (internal quotation marks and citation omitted). The offender must have "violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." NLRB. v. Cincinnati Bronze, 829 F.2d 585, 591 (6th Cir.1987) (citation omitted).

A court can issue sanctions, including for the entry of violations of a preliminary injunction order, upon finding a litigant in civil contempt. MGE UPS Sys., Inc., WL 3524502 at

*14 (citing Redken Labs., Inc. v. Levin, 843 F.2d 226, 229-30 (6th Cir. 1988)). "[C]ontempt sanctions are within a court's discretion." United States v. State of Tenn., 925 F. Supp. 1292, 1303 (W.D. Tenn. 1995). A court may impose "a remedial fine, which compensates the party who won the injunction for the effects of his opponent's noncompliance." Hutto v. Finney, 437 U.S. 678, 691 (1978). It may also strike pleadings and enter default judgment. MGE UPS Sys., Inc., WL 3524502 at *14 (citing Phoceene Sous-Marine v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir.1982)).

"The award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." TWM Mfg. Co., 722 F.2d at 1273 (citing Chas. Pfizer & Co. v. Davis-Edwards Pharmacal Corp., 385 F.2d 533, 538 (2d Cir.1967)); Chere Amie, Inc. v. Windstar Apparel Corp., 175 F.Supp.2d 562, 567 (S.D.N.Y.2001) (stating that an award of reasonable attorney's fees is proper when the contemnor (1) had actual notice of the order; (2) was able to comply with it; (3) did not seek to have it modified; and (4) did not make a good faith effort to comply).

### B. Analysis

#### a. This Court finds the TriceraSoft Defendants in Contempt

At issue now are the TriceraSoft Defendants' alleged violations of the prohibited activities as well as their nonperformance with the compliance measures of the Injunction. The TriceraSoft Defendants failed to appear at the December 8, 2016 hearing. Therefore, they waived their right to call witnesses and present live evidence, but the Court has considered the arguments the Tricerasoft Defendants advance in the briefing they submitted to oppose Plaintiffs' Motion for Order to Show Cause. (Docket Nos. 322, 322-7, 444).

The Court finds that the TriceraSoft Defendants are in contempt for conduct that violated the following provisions of the Injunction:

(1) In violation of paragraph 4 of the Injunction, the TriceraSoft Defendants failed to remove all the Enjoined Subject Works from exploitation in the U.S. within 14 days of entry of the Injunction. (Docket No. 254 at 10-11, ¶¶ 1, 4);

(2) In violation of paragraph 4 of the Injunction, the TriceraSoft Defendants provided two declarations from Defendant Marcos purportedly in compliance with the Injunction, but which falsely confirmed compliance with the removal mandate. (Id. at 11, ¶ 4);

(3) In violation of paragraph 3 of the Injunction, the TriceraSoft Defendants failed to provide Plaintiffs with a complete list of all karaoke recordings which the TriceraSoft "Defendants have advertised, made available for sale, distributed and/or sold since the inception of its internet sales operations." (Id. at 11, ¶ 3);

(4) In violation of paragraph 5 of the Injunction, the TriceraSoft Defendants failed to notify all suppliers, distributors, and other participants in the TriceraSoft Defendants' distribution chain of the entry of the Injunction and failed to provide a copy to each one of them. (Id. at 12, ¶ 5); and

(5) In violation of paragraph 7 of the Injunction, the TriceraSoft Defendants failed to provide a truthful sworn declaration to Plaintiffs "listing all . . . entities notified pursuant to the provisions of the Order . . . and confirm in writing, as applicable, that each such person or entity ha[d] been notified and provided with a copy of this Order . . . which confirmation shall include a copy of such notification and documents sufficient to confirm notification." (Id. at 12-13, ¶ 7).

The Court finds that Plaintiffs have proven the TriceraSoft Defendants' contempt with respect to each alleged violation of the Injunction by clear and convincing evidence. The Tricerasoft Defendants speciously contest the *fact* that they have not complied with the Injunction and make a litany of excuses for their noncompliance, including rehashing the merits of the request for the Injunction and protesting its scope.[2]

With respect to violations (1) and (2), Plaintiffs have proven that the TriceraSoft Defendants have failed to remove all the Enjoined Subject Works from exploitation in the U.S. within 14 days of entry of the Injunction. Specifically, Plaintiffs have filed with the Court a comprehensive list of recordings that Plaintiffs' witnesses have accessed in a variety of ways since the date for compliance with the Injunction. (Docket No. 592-1).[3] The TriceraSoft Defendants state their efforts to remove some Enjoined Subject Works and provide excuses as to the reason Plaintiffs' witnesses have been able to access the Enjoined Subject Works, including making an allegation that one of Plaintiffs' witnesses hacked the TriceraSoft Defendants' system. (Docket No. 322 at 2-4, 14; Docket No. 444 at 1-5).

With respect to violation (3), Plaintiffs have demonstrated that the TriceraSoft Defendants have failed to provide them with a complete list of all karaoke recordings the TriceraSoft Defendants have exploited since the inception of the TriceraSoft Defendants' internet sales operations. The TriceraSoft Defendants argue that they do not maintain records of all songs (such as those they no longer distribute); that they are asked to provide a list of songs

---

[2] Yet, the United States Court of Appeals for the Sixth Circuit affirmed the scope of the Injunction, stating "'[c]ourts have extended injunctive relief beyond the four corners of the litigated copyright works to cover non-litigated items of similar character' when the threat of future infringement is real." Sony/ATV Publ'g, LLC v. Marcos, 651 F. App'x 482, 488 (6th Cir. 2016) (citations omitted).

[3] The Court notes that the comprehensive list contains recordings beyond those on Exhibits 1-16 attached to the Revised Order Granting Preliminary Injunction *Nunc Pro Tunc* to September 25, 2015. Indeed, "Enjoined Subject Works" refer to the musical compositions owned and/or administered by Plaintiffs, including those identified in Exhibits 1-16, save 25 specific subject works.

for which an infringement claim can never be made; and that they maintain their records by song titles – a disc of which they sent to Plaintiffs – and not brands. (Docket No. 322 at 5).

With respect to violations (4) and (5), Plaintiffs have shown that the TriceraSoft Defendants have failed to make the required notifications and to provide the required declarations. For example, Plaintiffs point to the iCroons.com website through which Enjoined Subject Works could be purchased and state that the TriceraSoft Defendants neither notified the operators of iCroons.com nor confirmed notification to Plaintiffs. (Docket No. 310 at 12). The TriceraSoft Defendants, however, argue that iCroons.com does not fall within any category of parties set forth in the Injunction Order. (Docket No. 322 at 14). The Court disagrees.

### b. This Court imposes sanctions on the TriceraSoft Defendants and awards Plaintiffs their reasonable attorney's fees

Plaintiffs ask this Court to issue a monetary sanction and to use the statutory damages scheme set out in 17 U.S.C. § 504 as its measure. Plaintiffs cite nonbinding authority, such as Adobe Sys. Inc. v. Software Tech, No. 5:14-CV-02140-RMW, 2015 WL 6951875, at *1 (N.D. Cal. Nov. 10, 2015), to show that other courts have formulated monetary sanctions in this manner. Nevertheless, this Court declines to issue a monetary sanction with reference to statutory damages.

It is within this Court's discretion to decide appropriate sanctions. See United States v. State of Tenn., 925 F. Supp. 1292, 1303 (W.D. Tenn. 1995) ("[C]ontempt sanctions are within a court's discretion."). In Adobe, the Court awarded a sanction of $100,000 per infringed work based upon nineteen separate Adobe products sold without authorization following the entry of the preliminary injunction. 2015 WL 6951875, at *6. It is unclear why the Adobe court exercised its discretion in that way. However, the Court finds it inappropriate to award a monetary sanction based on statutory damages that will result in the Plaintiffs' receiving tens of

millions of dollars, especially when the merits of this suit have yet to be decided. Therefore, the Court awards a sanction of $250,000 to Plaintiffs, which the Court deems effective to compel the TriceraSoft Defendants to comply with the Injunction.

The TriceraSoft Defendants are to comply immediately with the Injunction. As a coercive measure, the Court orders the TriceraSoft Defendants to provide a list of all karaoke recordings specified in paragraph 3 of the Injunction Order within 14 days of entry of this Memorandum and Order; to make the required notification pursuant to paragraph 5 of the Injunction Order within 14 days of entry of this Memorandum and Order; and to provide the sworn declaration pursuant to paragraph 7 of the Injunction Order within 14 days of entry of this Memorandum and Order.

The Court finds it appropriate under the circumstances to award attorney's fees and costs incurred in the proceedings to enforce the Injunction. The TriceraSoft Defendants had notice of the Injunction Order; were able to comply with it; did not seek to have it modified; and appear to not have made a good faith effort to comply with it. Hence the Court awards total fees and costs of $173,491.67 to Plaintiffs' counsel.

The sanctions provided for herein shall be paid by the TriceraSoft Defendants within 21 days of entry of this Memorandum and Order, and shall be paid to the Registry of the Court. If the TriceraSoft Defendants fail to comply with this Order, the Court may impose additional sanctions, such as the entry of default against the TriceraSoft Defendants or the striking of their pleadings.

As a final matter, the Court notes that the Priddis Defendants have filed an objection to any order for contempt against the TriceraSoft Defendants that prematurely adjudicates any of the merits of the claims made against the Priddis Defendants as a result of any findings made

against the TriceraSoft Defendants. (Docket No. 591). None of the works that are the subject of Plaintiffs' motion and suggestion of sanctions involve any Priddis recordings. Nevertheless, the findings and order for sanctions against the TriceraSoft Defendants shall not be construed as adjudicating the merits of, and are without prejudice to, either Plaintiffs' claims against the Priddis Defendants or the Priddis Defendants' alleged defenses. Nothing herein constitutes a finding of ownership or control of any of the works at issue that Plaintiffs claim to have been infringed by the Priddis Defendants, and the Priddis Defendants reserve the right to challenge such claims of ownership/control.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE