IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SONY/ATV MUSIC PUBLISHING LLC, et al )
)
v. ) No. 3:14-1929
)
1729172 ONTARIO, INC., et al )

To: The Honorable Curtis Collier, District Judge

## REPORT AND RECOMMENDATION

Pending before the court is Plaintiffs' Rule 37 Motion for Sanction of Default and to Set Hearing for Entry of Default Judgments (Docket No. 620) (the "Motion"), seeking entry of an order of default against Defendants Mr. Gai Marcos and 179172 Ontario, Inc. (together, "TriceraSoft Defendants").[1] On March 16, 2017, a response in opposition to Plaintiffs' Motion was filed *pro se* by Mr. Marcos. (Docket No. 633). Plaintiffs' Motion was referred to the undersigned Magistrate Judge for proposed findings of fact and recommendation for disposition. (Docket No. 629). For the reasons that follow, it is recommended that Plaintiffs' Motion be GRANTED.

### PROPOSED FINDINGS OF FACT

A. *Procedural History*

The procedural history of this case is a long and tortured one. The following is the history necessary for disposition of the pending Motion. This action was filed on October 1,

---

[1] Defendant 1729172 Ontario is also known as TriceraSoft.

2014, alleging copyright infringement. (Docket No. 1). The original plaintiffs were two groups of music publishers commonly known as "Sony/ATV" and "EMI" (together referred to herein as "Sony/ATV"). (*Id*. at 3-4). The original defendants were TriceraSoft, a Canadian corporation that develops (or at least at the time developed) karaoke software and distributes third-party karaoke recordings, and Mr. Gai Marcos, owner and director of TriceraSoft. (*Id*. at 4-6). Subsequently, Sony/ATV was given leave to amend its complaint to add additional plaintiffs and other defendants. (Docket Nos. 381 and 382).[2] TriceraSoft Defendants asserted defenses to Plaintiffs' claims and raised counterclaims. (Docket Nos. 255 and 390).

From the earliest days of this case, Plaintiffs and TriceraSoft Defendants have disagreed about discovery. As early as March of 2015, Plaintiffs filed a motion to compel (Docket No. 94), which TriceraSoft Defendants opposed. (Docket No. 95). The March 2015 motion to compel was ultimately withdrawn. (Docket No. 126). In August of 2015, Plaintiffs again filed a motion to compel (Docket No. 183), which TriceraSoft Defendants also opposed. (Docket Nos. 188 and 234). After a lengthy hearing before the Magistrate Judge (Docket No. 308), the parties were directed to make another attempt at resolution of the dispute. (Order at Docket No. 298). Based on the parties' representations of progress in resolving the discovery issues, the second motion to compel was terminated without action. (Order at Docket No. 317).

On September 6, 2016, TriceraSoft Defendants filed a motion to allow withdrawal of their attorney, Ramona DeSalvo (Docket No. 486), and requested 30 days to retain new counsel.[3]

---

[2] TriceraSoft Defendants' motion for review (Docket No. 385) of the Magistrate Judge's order allowing Plaintiffs to file a Second Amended Complaint was denied. (Order at Docket No. 463).

[3] Ms. DeSalvo originally appeared for the limited purpose of defending against Plaintiffs' request for injunctive relief. (Docket No. 15 at 2, lines 8-14 and Docket No. 16 at 1). However, during the November 5, 2014 TRO hearing, the Court expressly directed Ms. DeSalvo that

A hearing on the motion was held on September 13, 2016. (Docket No. 506). At that hearing, Ms. DeSalvo advised the court that TriceraSoft Defendants expected to substitute new counsel within the next 30 days. (*Id*. at 18). The court allowed TriceraSoft Defendants an additional 60 days to substitute counsel, during which time Ms. DeSalvo remained as counsel of record. (*Id*. at 8-10). The court also stated that TriceraSoft Defendants were expected to appear for depositions sometime within the following 60 to 90 days, once new counsel was substituted. (*Id*. at 10-12).[4]

On September 19, 2017, Plaintiffs served Ms. DeSalvo, who was still serving as counsel for Mr. Marcos, with a Notice of Deposition.[5] Plaintiffs also served Ms. DeSalvo with a Notice of Rule 30(b)(6) Deposition Duces Tecum for TriceraSoft (and an accompanying list of documents to be produced for the deposition) on September 19, 2016. Both depositions were noticed to take place in Nashville.

On October 19, 2017, TriceraSoft Defendants (through their counsel of record, Ms. DeSalvo) filed a motion for a protective order, reciting a litany of disagreements between Plaintiffs' counsel and TriceraSoft Defendants' counsel about scheduling Mr. Marcos' deposition, both individually and as the Rule 30(b)(6) representative for TriceraSoft (Docket No. 516), and about the requested documents, which TriceraSoft Defendants contended were previously produced. In their response to TriceraSoft Defendants' motion for a protective order, Plaintiffs acknowledged the scheduling difficulties, which were variously attributed by

---

TriceraSoft Defendants should promptly raise any arguments regarding jurisdictional issues by motion (Docket No. 32 at 51, lines 23-25 through 52, lines 1 through 9), which they did not do.
    [4] Following a status conference on November 16, 2016 (Docket No. 549), an order was entered on that same date allowing Ms. DeSalvo to withdraw as counsel for TriceraSoft Defendants. (Docket No. 551).
    [5] Except as otherwise noted, the facts surrounding the depositions noticed for October 26 and 27, 2016 are undisputed.

TriceraSoft Defendants to Mr. Marcos' lack of a current passport (Docket No. 522-3 at 1 and Docket No. 522-5 at 1) and his lack of a travel visa (Docket No. 508 at 14-15).[6]

No witness appeared on October 26 or 27, 2016, and no documents were produced as provided in the Notice. When neither Mr. Marcos nor any other representative of TriceraSoft appeared for depositions on October 26 and 27, 2016, Plaintiffs filed a motion, on November 7, 2016, to compel Mr. Marcos' attendance at depositions (individually and as the owner and director of TriceraSoft). Mr. Marcos filed a *pro se* response in opposition to the motion to compel on November 23, 2016 (Docket No. 570). Mr. Marcos stated in the response that all requested documents had already been provided.[7] The response did not however explain why Mr. Marcos did not attend the October 26 or 27 depositions, other than reference to the motion for protective order filed by previous counsel. The response also incorrectly stated that TriceraSoft Defendants were only given a few days to obtain new counsel, when, in fact, Ms. DeSalvo's September 6 motion to withdraw had been pending for more than 60 days, and Ms. DeSalvo represented to the court during the September 13 hearing that new counsel was expected to take over within 30 days.

A case management conference was held on November 22, 2016 (Docket No. 597), for which Mr. Marcos participated telephonically. During that status conference, Mr. Marcos was put on notice that, while he could appear individually *pro se*, only a licensed attorney could

---

[6] In a reply filing on October 24, 2016, TriceraSoft Defendants contended that the deposition scheduling difficulties were unrelated to the status of Mr. Marcos' passport, and resulted solely from lack of cooperation by Plaintiffs' counsel. (Docket No. 524).

[7] Mr. Marcos has recited in multiple filings that all requested documents were provided to Plaintiffs. *See* Docket Nos. 524, 571, 575, 586, 600 and 634. As discussed, the court gave Mr. Marcos the opportunity to address these discrepancies in the parties' positions by instructing him to clarify with Plaintiffs' counsel which requested documents remained outstanding and any insufficiencies in the documents produced. However, Mr. Marcos failed to follow the court's instructions.

appear on behalf of TriceraSoft. (*Id*. at 9-12). Mr. Marcos was also notified that, by no later than December 30, 2016, he would be required to either produce documents requested by Plaintiffs (in their original format), or to confirm under oath that all requested documents had already been produced. (*Id*. at 43-62). Mr. Marcos' individual and Rule 30(b)(6) depositions were scheduled for January 12 and 13, 2017, in Toronto, Canada. (Docket No. 585 at 2).[8] The discussion during the case management conference was memorialized in an order entered on December 2, 2016. (Docket No. 585).

The December 2 order additionally instructed the TriceraSoft Defendants to timely clarify with Plaintiffs' counsel any uncertainty about the requested documentation. TriceraSoft Defendants were also notified in the December 2 order that failure to comply with its terms or to cooperate in discovery going forward could result in recommendation of entry of defaults against them.

B. *The Instant Motion*

Following entry of the December 2 order, Mr. Marcos failed to appear as ordered for two scheduled hearings. A show cause hearing was scheduled for December 5, 2016 (Orders at Docket Nos. 551 and 563) on Plaintiffs' motion to hold various defendants in contempt for violations of the preliminary injunction entered in this case. Mr. Marcos received notice of this hearing, including by his former attorney. (Docket No. 563). He filed a motion to continue the hearing (Docket No. 574), which was denied (Docket No. 577), but Mr. Marcos' motion to participate telephonically was granted. (Docket No. 587). However, Mr. Marcos failed to call in

---

[8] Neither Ms. DeSalvo nor Mr. Marcos has satisfactorily explained to the court the obstacle to Mr. Marcos' travel to or entry into the United States. In an attempt to accommodate Mr. Marcos, his deposition was scheduled to take place in Toronto. However, as discussed, that location was changed after notice to Mr. Marcos and an opportunity to explain why he could not appear for a deposition in this district (Order at Docket No. 596), which Mr. Marcos failed to do.

5

as directed. (Docket No. 611).[9] The show cause hearing was rescheduled for December 8, 2017, and the order resetting the show cause hearing was emailed to Mr. Marcos at the email address provided to the court. (Docket No. 590). Mr. Marcos again failed to appear. (Memorandum and Order at Docket No. 601 and Docket No. 612).[10]

Upon Mr. Marcos' failure to appear for the show cause hearings, Plaintiffs filed a motion on December 9, 2016, to change the location of the January 12 and 13, 2017 depositions from Toronto, Canada to Nashville, Tennessee, based on their concern that considerable time and expense would be incurred in traveling to Toronto for depositions for which Mr. Marcos might not appear given his failure to appear for the show cause hearings. (Docket No. 594). By order entered on December 12, 2016, TriceraSoft Defendants were directed to respond to Plaintiffs' motion to change the depositions locations. (Docket No. 596). The December 12 order further instructed that if Mr. Marcos claimed to be unable to enter the United States, he was required to file a declaration under penalty of perjury stating the factual reasons for such inability. The December 12 order also cautioned that failure to file a timely response or to provide the required declaration would result in an order granting the requested change of depositions location and might also result in a recommendation for entry of default against TriceraSoft Defendants.

---

[9] The Court's phone line remained open for the entire duration of the hearing, but Mr. Marcos failed to call in. (Docket No. 611 at 14).

[10] Following the show cause hearings, a Memorandum and Order was entered by Judge Sharp finding TriceraSoft Defendants in civil contempt for violating the preliminary injunction. (Docket No. 601). Judge Sharp awarded monetary sanctions, including attorney's fees and costs, to be paid within a specified number of days to the Registry of the Court. (Docket No. 601 at 9). No such payments have been made. The Memorandum and Order also instructed TriceraSoft Defendants to comply with the previous injunction (Docket No. 254), which required certain notifications and declarations evidencing compliance. According to Plaintiffs' counsel, TriceraSoft Defendants have not complied with the Memorandum and Order. (*See* Docket No. 635 at 3). Nor have any filings been made by TriceraSoft Defendants reflecting their compliance.

Clearly Mr. Marcos received the December 12 order, because he filed a notice on December 22, 2016 regarding the depositions. (Docket No. 600). The December 22 filing did not, however, address the location of the depositions or include an accompanying declaration explaining Mr. Marcos' claimed inability to travel to the United States. Rather, the December 22 filing addressed Mr. Marcos' purported reasons for missing the December 5 and 8 show cause hearings and recited his objections to this litigation generally. Despite acknowledging that he missed the December 5 and 8 show cause hearings, and claiming excuses for those absences, Mr. Marcos took no action to seek relief for his non-attendance.

Although the December 22 filing by Mr. Marcos did not specifically oppose changing the location of the depositions from Toronto to Nashville, TriceraSoft Defendants were nevertheless given another chance to cooperate in discovery and go forward with depositions in Toronto by timely providing the information detailed in the earlier order of December 2. *See* Order at Docket No. 603. TriceraSoft Defendants were put on notice that, if, however, the required information was not provided as instructed, the depositions would be moved to Nashville, as requested by Plaintiffs. TriceraSoft Defendants were also again warned that failure to comply with either the ordered document production or to appear for depositions as directed would result in a recommendation for entry of default against them.

Upon notification by Plaintiffs that TriceraSoft Defendants failed to produce the requested information as required (Docket No. 604), Mr. Marcos was ordered to appear for depositions in Nashville on January 12 and 13, 2017, in his individual capacity and as a representative of TriceraSoft. (Docket No. 605). TriceraSoft Defendants were given yet another warning that failure to appear for the scheduled depositions would result in a recommendation

7

for entry of default. Mr. Marcos failed to appear on either January 12 or 13, 2017, which was noted on the record in open court on each of those dates.

On February 20, 2017, Plaintiffs filed the instant Motion, seeking entry of defaults against TriceraSoft Defendants as sanctions for their failure to comply with discovery and court orders. (Docket No 620).[11] On March 16, 2017, Mr. Marcos filed "Defendants' Response" to the Motion. (Docket No. 633).[12] In his response, Mr. Marcos essentially maintains that he did not violate any court order, that Plaintiffs' have "completely destroyed him," and that he previously provided all information requested by Plaintiffs.

## PROPOSED SUPPORTING FINDINGS AND CONCLUSIONS

The sole issue before the court is whether entry of default against Defendants TriceraSoft and Gai Marcos is warranted. Mr. Marcos argues that he has not "violated or intentionally violated any court order." (Docket No. 633 at 1). However, he gives no explanation for his failure to appear as directed for depositions, instead simply stating that he "wasn't able to do so" (*Id*. at 2). While Mr. Marcos refers to produced documents, and maintains that all requested documents were produced (*id*.), he still fails to demonstrate that the documents provided are responsive to Plaintiffs' requests (Docket No. 569) and the December 2 order. Throughout the various *pro se* filings, including his response to this Motion, Mr. Marcos also makes implicit pleas for leniency based on his *pro se* status.

---

[11] Plaintiffs' motion also requests that the court set a hearing for entry of default judgments against all defaulted Defendants in this case.

[12] Although not entirely clear it appears that the response was filed by Mr. Marcos on both his own behalf and on behalf of TriceraSoft. As noted, Mr. Marcos was cautioned during the November 22, 2016 case management conference that only a licensed attorney could appear on behalf of TriceraSoft.

A. *Defendant TriceraSoft*'s *Failure to Defend*

Entry of default against Defendant TriceraSoft (a.k.a. 179172 Ontario, Inc.) is required because that entity has been unrepresented by counsel since its original attorney, Ms. DeSalvo, was permitted to withdraw in November of 2016. (*See* Order at Docket No. 551). It is well settled that a corporation cannot appear in federal court except through an attorney. *S.E.C. v Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) (citations omitted). *See also Rowland v California Men's Colony, Unit II men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted). None of the actions ostensibly taken by Mr. Marcos on behalf of Defendant TriceraSoft since November of 2016 have any legal consequence because Mr. Marcos cannot appear for or act on behalf of TriceraSoft.

Effectively, TriceraSoft has failed to "otherwise defend" in this action, including against Plaintiffs' Motion. Under the plain language of Rule 55(a), entry of default against TriceraSoft is therefore warranted for that reason alone.[13] *See Dow Corning v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013) (corporate defendant's failure to comply with court's order to obtain counsel is failure to defend under Rule 55(a) warranting default) (citations omitted).

B. *Untimeliness of Response*

Local Rule 7.01(b) requires that any response in opposition to a motion must be filed not later than fourteen days after service of the motion. For motions served by mail, Fed. R. Civ. P. 6(d) adds another three days. Under the express language of Local Rule 7.01(b), failure to file a timely response indicates that there is no opposition to the motion. Here, Plaintiffs' Motion was

---

[13] For the additional reasons stated herein, entry of default against TriceraSoft is also warranted as a sanction for its failure to comply with court orders and to cooperate in discovery.

9

filed on February 2, 2017, making February 21, 2017 the deadline for filing a response.[14] Mr. Marcos did not file his response until March 16, 2017, some 23 days after this deadline. Although Mr. Marcos is allowed some leniency because he is unrepresented by counsel, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Kirby v. Memphis Security Co.*, No. 1:01-CV-151, 2003 WL 22509412, at *5 (E.D. Tenn. Nov. 5, 2003) (citations omitted). Because Mr. Marcos did not file a timely response, Plaintiffs' motion for entry of default is deemed unopposed and therefore properly granted.

C. *Sanction of Default*

Notwithstanding other bases for entering default against TriceraSoft and Mr. Marcos, default is warranted as a sanction under Fed. R. Civ. P. 37 and Rule 55(a), as well as the court's inherent authority.[15] Courts have long had the inherent authority to enter default as a sanction against a disobedient defendant. *Dow Corning Corp. v. Jie Xiao*, supra, at *5 (citations omitted). Here, TriceraSoft Defendants have repeatedly disregarded the court's discovery orders, have failed to appear for hearings as directed, and have failed to comply with the court's instructions for discovery and in enforcement of its injunction. Default is therefore warranted.

Rule 55(a) also provides authority for the court to enter default against a defendant who does not "otherwise defend." The language of Rule 55(a) is unambiguous. A default may be entered against a party either for failing to plead or for failing to "otherwise defend." Although the Sixth Circuit has not spoken definitely on the issue of whether default can be entered against

---

[14] The 17th day—14 days plus 3—after February 2, 2017, fell on February 19, 2017, a Sunday, followed by a federal holiday on February 20, 2017. *See* Fed. R. Civ. P. 6(a)(2)(C).

[15] Although Plaintiffs' motion is framed as a Rule 37 motion, TriceraSoft Defendants were repeatedly warned generally that failure to take action to defend this case could result in entry of defaults. Furthermore, as discussed, entry of default under Rule 37 is warranted in this case, even without addressing TriceraSoft Defendants' other dilatory and contumacious conduct not directly related to discovery.

a party who has answered, the majority of circuits considering that question have broadly imposed Rule 55(a) to allow imposition of default against an answering party for later inaction that evinces a failure to defend. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2nd Cir. 2011) (collection of cases).[16]

Regardless of the court's inherent powers and the scope of Rule 55(a), default is an appropriate sanction under Fed.R.Civ.P. 37 for TriceraSoft Defendants' conduct in failing to cooperate in discovery, including the court's discovery orders. TriceraSoft Defendants failed to comply with the court's direct and plain requirements contained in a series of orders entered on December 2 and 12, 2016 (Docket Nos. 585 and 596), and January 4, 2017. (Docket No. 605). TriceraSoft Defendants failed to produce documents, clarify any uncertainty with Plaintiffs' counsel, or provide a sworn statement that all requested documents were provided. Mr. Marcos repeatedly contends in multiple filings that all responsive documents were produced, but he never provided the required sworn statement to that effect. Furthermore, Mr. Marcos' assertions about previously provided documents notwithstanding, he was expressly directed during the November 22 case management conference, and subsequent order, to produce tax returns and financial statements of TriceraSoft in the original format, which he failed to do. Mr. Marcos also failed to provide the required declaration of the reasons for his claimed inability to enter the United States, and neither Mr. Marcos nor any other representative of TriceraSoft appeared for

---

[16] In at least one case, the Sixth Circuit discussed both possibilities, citing authority for the proposition that the phrase "otherwise defend" in Rule 55(a) "refers to defenses and objections available to a defendant by motion prior to filing an answer," and authority for the proposition that "failure to defend" as used in Rule 55(a) is "the reverse side of 'failure to prosecute' as used in Fed.R.Civ.P. 41." *See Smith v. Commissioner of Internal Revenue,* 926 F.2d 1470, 1478 (6th Cir.1991). In *Smith,* however, it was unnecessary for the Court to decide which interpretation was correct.

ordered depositions on January 12 and 13, 2017. No satisfactory explanation for these discovery abuses has been provided.

Despite the untimeliness, the Court has reviewed Mr. Marcos' response in opposition to Plaintiffs' Motion and finds it to be rambling and generally unresponsive. Mr. Marcos alternatively asserts that he provided all requested information and that he is unaware whether any information remains outstanding. If, as Mr. Marcos' response contends, TriceraSoft Defendants provided all requested information, he was expressly instructed in the December 2 order to tender a sworn statement to that effect (Docket No. 585 at 2), which he failed to do. If there were any questions as to the information requested but not yet provided, the December 2 order also expressly directed Mr. Marcos to contact Plaintiffs' counsel for clarification (Docket No. 585 at 2), which he likewise failed to do. Additionally, as noted, Mr. Marcos never provided tax returns and other financial statements of TriceraSoft in the original format as instructed.

The court has afforded Mr. Marcos multiple opportunities to produce documents supporting his defenses and claims and to give sworn explanations of his defenses and claims. Rather than attend to discovery so that this case can progress to conclusion, Mr. Marcos simply rehashes arguments that he has been treated unfairly by Plaintiffs through no fault of his own, even suggesting complicity by the court. What Mr. Marcos apparently fails to understand is that his conduct makes it impossible for this case to proceed to trial where the merits of his arguments could be addressed.

Fed. R. Civ. P. 37(b)(2)(A) lists several potential sanctions for discovery abuses, affording the court the option to strike pleadings, prohibit certain evidence, dismiss the case, or enter a default judgment against the disobedient party. Rule 37(d)(3) permits the imposition of these same sanctions for a party's failure to appear for a deposition or to answer discovery,

including requests for production of documents. In determining the scope of the sanction, the Sixth Circuit has directed district courts to consider (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault," (2) whether the adversary has been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997). "Willfulness, bad faith, or fault" can only be found where the party to be sanctioned has displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008) (internal quotation omitted).

Here, TriceraSoft Defendants have displayed an intent to thwart judicial proceedings and a reckless disregard for the effect of their conduct on these proceedings. TriceraSoft Defendants were given numerous chances to cooperate with discovery. Indeed, the Court spent considerable time during the November 22, 2016 case management conference explaining to Mr. Marcos the kind of documents he was required to produce, and afforded him the opportunity to seek clarification from Plaintiffs' counsel if he misunderstood or was uncertain about any document production request. Mr. Marcos refused to avail himself of that opportunity, and simply ignored the instruction to produce documents by December 30, 2016.

Mr. Marcos has also, both through his attorney and as a *pro se* party, engaged in a pattern of delay in appearing for a deposition. Multiple attempts have been made throughout this case to depose Mr. Marcos in his individual capacity and as a corporate representative of TriceraSoft. Mr. Marcos delayed the progress of this case based on some claimed inability to enter the United States, which he blamed alternately on not having a current passport and not having a travel visa. Despite this ever-changing excuse, accommodation of Mr. Marcos was attempted by scheduling

of depositions in Toronto. When Mr. Marcos was not sufficiently motivated by the severe consequences of failing to attend a show cause hearing, Plaintiffs were understandably concerned about the time and expense of conducting depositions in Toronto for which Mr. Marcos might not appear. Still, before changing the location of the depositions, the court gave Mr. Marcos the opportunity to explain why he could not appear in Nashville and to produce the documents as required. Mr. Marcos did neither.

Mr. Marcos appears to believe that he can control the proceedings in this action by simply ignoring the court's instructions. For instance, when directed to respond to Plaintiffs' request to relocate the depositions from Toronto to Nashville, Mr. Marcos responded with a laundry list of excuses for not having appeared for the show cause hearings and complaints about this litigation. He did not directly address relocation of the depositions or provide the required sworn statement of the reasons why he could not travel to Nashville for depositions that were still at least three weeks away at that point.[17] Thus, the first factor is satisfied.

Second, Plaintiffs have been prejudiced by TriceraSoft Defendants' conduct, both throughout the litigation and in TriceraSoft Defendants' failure to produce requested documents and appear for depositions. Plaintiffs have repeatedly and unsuccessfully attempted to obtain the documents upon which TriceraSoft Defendants rely as supporting their defenses and counterclaims in this case and to schedule Mr. Marcos' deposition. Their inability to do so precludes a conclusion to this case, and is therefore prejudicial.

---

[17] Mr. Marcos' responses are primarily directed at criticizing Plaintiffs, and often at criticizing the court for not listening to him.

Third, TriceraSoft Defendants were warned multiple times that their failure to cooperate in producing the requested documents and completion of depositions would result in a recommendation for entry of defaults against them.

Fourth, less drastic sanctions were considered before the instant default recommendation. Mr. Marcos was given numerous opportunities to comply with discovery, which he essentially ignored. Furthermore, the court questions whether any lesser sanction, at this point, would be appropriate or effective. As discussed at length above, TriceraSoft Defendants have blatantly ignored multiple court orders, including to produce documents and for Mr. Marcos to appear for depositions in Nashville on January 12 and 13, 2017. Plaintiffs clearly cannot prosecute this action against TriceraSoft Defendants if they fail to abide by court orders.

Given the antics of Mr. Marcos and TriceraSoft, entry of default as a discovery sanction is fully warranted. The court finds that TriceraSoft Defendants' failure to cooperate in discovery is due to willfulness and that Plaintiffs, who filed suit almost three years ago and are still struggling to receive documents identified by and requested from TriceraSoft Defendants (despite multiple and expensive efforts to do so) and to depose TriceraSoft Defendants, have been prejudiced.

TriceraSoft Defendants have been threatened with severe sanctions, including default, on many occasions in this action, and certainly less drastic sanctions were attempted for many months, without success. TriceraSoft Defendants were given multiple opportunities to fully comply with discovery requests and to appear for depositions. Even faced with the potential for entry of a default against them for failing to cooperate in discovery, TriceraSoft Defendants ignored the court's instructions. The court thus finds that TriceraSoft Defendants have attempted

to thwart the judicial process and engaged in a pattern of contumacious conduct justifying the entry of defaults against them.

For the foregoing reasons, the undersigned Magistrate Judge respectfully recommends that Plaintiffs' Rule 37 Motion for Sanction of Default and to Set Hearing for Entry of Default Judgments (Docket No. 620) be GRANTED, and that DEFAULT JUDGMENTS BE ENTERED against Defendant Gai Marcos and Defendant TriceraSoft a.k.a. 1791720 Ontario, Inc.

The undersigned Magistrate Judge further recommends that Plaintiffs' request for a hearing to enter default judgments against all defaulted Defendants be reserved pending final disposition of this Report and Recommendation by the Honorable Curtis Collier, District Judge.

The Clerk is directed to send this Report and Recommendation to Gai Marcos by first class mail and certified mail and by email.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Any party opposing said objections shall have fourteen (14) days after of service of any objections in which to file a response. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge